# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY COCHRAN, | CASE NO. 1:06-CV-00254 OWW LJO P |
| Plaintiff, | ORDER DENYING PETITION FOR WRIT OF MANDATE (Doc. 12) |
| v. | |
| STATE OF CALIFORNIA, et al., | ORDER GRANTING PLAINTIFF A THIRTY-DAY EXTENSION OF TIME TO COMPLY WITH COURT'S ORDER OF MARCH 31, 2006 (Doc. 8) |
| Defendants. | |

Plaintiff Kelly Cochran ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 24, 2006, plaintiff filed a complaint and an application to proceed in forma pauperis. (Docs. 1, 2.) The application was incomplete and was not accompanied by a certified copy of plaintiff's trust account statement for the six-month period immediately preceding the filing of the complaint. Therefore, on March 31, 2006, the Magistrate Judge ordered plaintiff to file a new application or pay the $250.00 filing fee. (Doc. 8.) On April 18, 2006, plaintiff filed another incomplete application and on April 28, 2006, plaintiff filed a petition for writ of mandate. (Docs. 11, 12.)

In his petition, plaintiff seeks an order declaring prison officials' failure to complete his in forma pauperis application and provide a trust account statement a violation of his right to due process, and requiring prison officials to provide all necessary information requested to ensure that inmates have access to the courts.

Pursuant to 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to

1 perform a duty owed to the plaintiff." "Mandamus is an extraordinary remedy . . . [and] is
2 appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant
3 official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no
4 other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal
5 citations and quotations omitted).

6 The Court has no jurisdiction over state officials. 28 U.S.C. § 1651; see also Demos v.
7 United States Dist. Court for E. Dist. Of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991). Therefore,
8 plaintiff's petition seeking orders directed at prison officials must be denied.

9 By this order, plaintiff shall be provided with thirty additional days within which to comply
10 with the Magistrate's order of March 31, 2006. In the Court's experience, each prison has a
11 procedure for submitting applications to proceed in forma pauperis. Although it may take some time
12 for the prison to complete the form and send it to the court, utter noncompliance by prison officials
13 in this area is not a problem this Court has encountered before. Plaintiff shall show this order to his
14 correctional counselor, request further instruction, and comply with whatever instructions are given.
15 In the event that plaintiff's application is currently pending with the trust account office, it is
16 requested that plaintiff's counselor seek the status and inform plaintiff of the status.[1]

17 Accordingly, it is HEREBY ORDERED that:
18 1. Plaintiff's petition for writ of mandate, filed April 28, 2006, is DENIED;
19 2. Plaintiff is granted an extension of **thirty (30) days** from the date of service of this
20 order within which to comply with the Magistrate's order of March 31, 2006; and
21 ///
22 ///
23 ///
24 ///
25 ///

---

[1] Plaintiff's assertion in his petition that the forms were returned to him blank does not necessarily mean that the application is not going to be processed. In the Court's experience, the form is completed by staff and mailed directly to the Court. It is *not* returned to plaintiff for mailing to the Court. Again, plaintiff's counselor is requested to seek the status of plaintiff's application and inform plaintiff if he needs to take any further action.

3.   Plaintiff shall show a copy of this order to his correctional counselor, request assistance with compliance, and follow whatever instructions are given.

IT IS SO ORDERED.

**Dated:   May 24, 2006**                                **/s/ Oliver W. Wanger**
emm0d6                                                                UNITED STATES DISTRICT JUDGE